UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MIDSOUTH BANK, N.A. | CIVIL ACTION NO. 6:19-cv-00091 |
| VERSUS | JUDGE JUNEAU |
| QUALITY COMPANIES USA, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

### **REPORT AND RECOMMENDATION**

Pending before the court is the motion to remand, which was filed by the plaintiff, Energy Services Note Acquisition, LLC, the assignee of MidSouth Bank, N.A. (Rec. Doc. 5). The motion is not opposed. (Rec. Doc. 8). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted.

### **Background**

MidSouth sued the defendants in Louisiana state court, seeking to recover more than $10 million allegedly owed under various loans evidenced by promissory notes, credit card debt, and guaranties.[1] The defendants, Quality Companies USA,

---

[1] Rec. Doc. 1-5 at 2-17 (copy of the petition).

L.L.C., Troy D. Collins, Nathan C. Granger, and Kayro Investments, LLC were all served in May 2018,[2] and they allegedly answered the suit in December 2018.[3] On January 16, 2019, Energy Services Note Acquisition, LLC ("ESNA") was substituted for MidSouth as the plaintiff in the state-court lawsuit pursuant to an assignment of rights.[4]

The defendants removed the suit on January 24, 2019, alleging that removal was appropriate under 28 U.S.C. § 1332, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. The defendants argued that the suit became removable when ENSA (a Texas citizen) replaced MidSouth (a Louisiana citizen) as the plaintiff. The defendants specifically alleged that the parties are diverse because the defendants are all Louisiana citizens[5] while ESNA is a Texas citizen.[6] ESNA responded by filing the motion to remand, arguing that the removal of this case is prohibited by the forum defendant rule.

---

[2]   Rec. Doc. 1 at 2; Rec. Doc. 5-3.

[3]   Rec. Doc. 5-2. The word "allegedly" was used in describing the answer because the copy of the "Answer and Affirmative Defenses" that was placed in the record does not show any evidence of having been filed in the state court proceeding.

[4]   Rec. Doc. 5-4.

[5]   Rec. Doc. 1 at 1-2.

[6]   Rec. Doc. 1 at 3.

## Law and Analysis

Under 28 U.S.C. § 1332(a), federal courts have subject-matter jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. But an action solely removable under Section 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[7] This limitation is often referred to as the "forum defendant rule."[8]

The forum defendant rule states that a case cannot be removed on the basis of diversity jurisdiction if a defendant, who was properly joined and properly served, is a citizen of the forum state.[9] In accordance with the plain language of the statute, this rule applies even if the other criteria for removal are present. The forum defendant rule is procedural rather than jurisdictional; therefore, a failure to comply with the rule is a defect in removal procedure[10] that is waived unless an objection is timely filed.[11]

---

[7]   28 U.S.C. § 1441(b)(2); *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017).

[8]   See *In re 1994 Exxon Fire Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

[9]   28 U.S.C. § 1441(b)(2).

[10]  *In re 1994 Exxon Chem. Fire*, 558 F.3d at 396 (quoting *In re Shell Oil Co.*, 932 F.2d 1518, 1528 (5th Cir. 1991)).

[11]  *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392; *In re Shell Oil Co.*, 932 F.2d at 1523.

A procedural challenge to removal must be asserted not more than thirty days after removal,[12] and an untimely motion "is outside of the district court's power to grant."[13] In this case, the challenge to removal was filed just four days after the case was removed; therefore, it was timely filed. Courts in this district have applied the forum defendant rule in numerous cases.[14]

In this case, there is no contention that the court's subject-matter jurisdiction has a basis other than diversity, it is undisputed that the defendants were all served before the suit was removed, and it is undisputed that the procedural defect was raised in a timely remand motion. Further, the defendants conceded that remand is appropriate in this case.[15] Accordingly, this Court recommends that the motion to remand be granted due to the operation of the forum defendant rule.

## Conclusion

Because the forum defendant rule precludes removal of this action, it is recommended that the plaintiff's motion for remand (Rec. Doc. 5) be GRANTED.

---

[12] 28 U.S.C. § 1447(c).

[13] *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004).

[14] See, e.g., *Vaughn v. Lake Charles Joint Venture, LLC*, No. 17-0861, 2017 WL 4465782, at *2 (W.D. La. Sept. 12, 2017), report and recommendation adopted, 2017 WL 4466341 (W.D. La. Oct. 5, 2017); *Tipton v. Landen*, No. 6:15-cv-02811, 2016 WL 919539, at *6 (W.D. La. Mar. 8, 2016).

[15] Rec. Doc. 8.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[16]

Signed at Lafayette, Louisiana, this 8th day of February 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[16]   See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).